MICHAEL DE LUCCA, PETITIONER-RESPONDENT, v. BERNARD VEZZETTI, RESPONDENT-PROSECUTOR.

Argued January 6, 1925—Decided April 13, 1925.

**Workmen's Compensation—Injury, Settlement and Release—Petition to Reopen on Ground That Disability Had Increased—Defense That Moneys Paid Were Not Compensable Under Act and That Petition was Not Filed Within Statutory Period—Case Considered and Contention Sustained.**

On *certiorari*.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the respondent-prosecutor, *McDermott, Enright & Carpenter*.

For the petitioner-respondent, *Samuel Greenstone*.

PER CURIAM.

On July 20th, 1920, Michael DeLucca was injured in the course of his employment, and, by agreement between himself and employer, received on April 10th, 1922, compensation in gross, and executed a release of all claims. On February 17th, 1924 (marked on the petition July 17th, 1924), a petition was filed under the Workmen's Compensation law claiming that the disability had increased. To this an answer was filed setting up that the moneys paid on account of injuries were not compensable under the Compensation law, and that the petition was filed after the time for doing so had expired.

The case was referred to a referee, who took proofs of the nature of the injuries and then alleged progressive character. At the inception of the proceedings the relator moved to dismiss the case because not brought within a year after the accident or last payment.

On the face of the petition it would appear that the petition was filed out of time, and this motion should have been allowed unless it appears in the case that, as contended by the respondent, this was an application in a case which was then

pending and undetermined. Remarks of counsel and of the referee would indicate that an earlier period a formal petition seeking compensation had been filed and partially heard by the bureau, and that pending its disposition the parties had settled the case between themselves as above indicated. At one stage of the trial of the present case it would appear, from remarks of court and counsel, that the earlier case had been disposed of by a discontinuance or "being closed." At a later stage the referee seems to have regarded the first case as still pending and subject to his control. The petition and answer present on their face the ordinary case of a proceeding *de novo* without reference to any pending cause. It was therefore incumbent on the respondent to establish that the original case was still pending, and that the present petition was a part of that case, otherwise the limiting provisions of the act of 1911 and its supplements clearly barred the claimant from the right to be heard. These are that, in case an agreement for compensation has been made, the claimant shall file a petition within one year after failure of the employer to make payment pursuant to the terms of the agreement, or, in case part of the compensation has been paid, then within one year after the last payment. *Pamph. L.* 1918, *ch.* 149, § 3. It is true the statute says "unless a petition [is] filed under the provisions of section 4," but this, obviously, means a petition which has been filed and is still pending. Not only did the claimant fail to establish that such a petition was still pending, but from the statements of his counsel and that of the referee, it is not unreasonable to infer that whatever proceedings had been taken at an earlier stage had been terminated. Mr. Greenstone, counsel for and who alone could speak for and bind the claimant, said the "case [referring to the earlier proceeding] was discontinued. That was the consideration for that" (referring to the settlement). The record of the first proceeding was not offered in evidence in the present trial, nor is it brought up in the record before us. The case does not differ from the ordinary original petition filed too late.

The judgment will be reversed.